IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            **Case No. 08-40049-01-RDR**

RONALD K. BROOKS, JR.,

        Defendant.

**MEMORANDUM AND ORDER**

On December 18, 2008, the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

I.

On September 12, 2008, the defendant entered pleas of guilty to aggravated assault on a mail carrier in violation of 18 U.S.C. § 111(a)(1) and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Following the preparation of a presentence report, the defendant filed one objection to it. Prior to sentencing, the defendant filed a sentencing memorandum. In that memorandum, defendant sought a downward variance to thirty months imprisonment.

II.

The defendant objects to the four-level increase in his base offense level pursuant to U.S.S.G. § 2K2.1(b)(6). The defendant contends that he did not commit aggravated assault as indicated in

paragraph 38 of the presentence report because he did not intend to place Corrina Snyder in fear of bodily harm as required by K.S.A. §§ 21-3408 and 21-3410.  The government has failed to respond to the defendant's objection.  The probation office believes that U.S.S.G. § 2K2.1(b)(6) has properly been applied under the law and facts here.

Under § 2K2.1(b)(6), a defendant's offense level should be increased by four if "the defendant used or possessed any firearm or ammunition in connection with another felony offense."  On the date of the aggravated assault of the postal worker, the defendant had first confronted Ms. Snyder.  The facts before the court show that the following occurred:  The defendant went to the residence located at 2116 SE Ohio seeking Dallas Pasley.  He knocked on the door and Ms. Snyder came to the door carrying her infant daughter.  The defendant pulled a handgun from his waistband and pointed it at Ms. Snyder and her child.  He told Ms. Snyder that he was looking for Dallas.  Ms. Snyder told the defendant she did not know who he was talking about and pleaded with him not to hurt her as she had children.  The defendant told Ms. Snyder that he had children, too, and reached out, as if to pat Ms. Snyder's daughter on the head.  Ms. Snyder backed away.  The defendant told Ms. Snyder that if he found out that Dallas lived there, he would return.

In Kansas, a person commits an aggravated assault if he or she uses "a deadly weapon," K.S.A. § 21-3410, and "intentionally

plac[es] another person in reasonable apprehension of immediate bodily harm," K.S.A. § 21-3408.  The evidence before the court shows that the defendant acted intentionally to place another person in immediate apprehension of bodily harm.  <u>State v. Eichman</u>, 26 Kan.App.2d 527, 989 P.2d 795, 797 (1999).  The evidence further shows that Ms. Snyder reasonably feared that she would be harmed because she pleaded with the defendant not to hurt her as she had children.  Such a statement is adequate to show reasonable apprehension of bodily harm.  See <u>State v. Cooley</u>, 2008 WL 4966470 (Kan.App. 2008) (statement to officer that victim feared for her life when defendant pointed gun at her and told her to shut up was sufficient evidence of reasonable fear of immediate bodily harm to sustain conviction of aggravated assault).

Accordingly, the enhancement is properly applied because the defendant used the firearm in connection with the felony offense of aggravated assault.  This objection shall be denied.

### III.

With the denial of the defendant's objection, the defendant's offense level is 22 and his criminal history category is III.  The guideline range is 51 to 63 months on each count.

In determining the appropriate sentence for the defendant, the court has carefully consulted the application of the guidelines and taken them into account.  The court has decided that the appropriate sentence for this case is 51 months on each count to

run concurrently.  The court is not persuaded that a downward variance is appropriate.  The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public.  Further, the court believes that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all of the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.  Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct.

The court was impressed with the efforts of the defendant since the date of the attack.  He has made substantial strides and has a better understanding of the impact that drugs have had on his life.  The court was further impressed by the support demonstrated by his family.  They will be a vital part in his recovery from his drug addiction.  Despite these positive factors, the court ultimately believed that a 51 month sentence of imprisonment was proper given the serious and extreme nature of the attack on the postal carrier.  The court hopes the defendant will use this period of incarceration to further his future and prepare for his release back into society.

**IT IS SO ORDERED.**

Dated this 19th day of December, 2008 at Topeka, Kansas.

>                             s/Richard D. Rogers
>                             United States District Judge